UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MCABEE CONSTRUCTION, INC.,**
**an Alabama Corporation,**

    Plaintiff,

v.                                                    Case No. 8:24-cv-01530-WFJ-CPT

**TEXTRON AVIATION INC.,**
**a Kansas Corporation**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant TEXTRON AVIATION INC.'s ("Textron" or the "Defendant") Motion to Dismiss Counts II–VI of Plaintiff's Amended Complaint and Unopposed Motion to Strike Attorneys' Fee Claim. Dkt. 18. Plaintiff MCABEE CONSTRUCTION, INC., (the "Plaintiff") has responded in opposition. Dkt. 19. Upon careful consideration, the Court grants in part and denies in part Defendant's motion.

## BACKGROUND

Plaintiff McAbee is an Alabama corporation that owns a Beechcraft King Air C90GTx bearing serial number LJ2073 and FAA registration number N3788R (the "Aircraft"). Dkt. 15 ¶¶ 2, 6. On or about November 28, 2022, Plaintiff contracted with Textron to have maintenance, repairs, and inspections performed on the

Aircraft at Tampa International Airport. *Id.* ¶¶ 7-8; Dkt. 15-1. When the Aircraft was delivered to Textron, Plaintiff alleges it was able to perform a safe landing at the airport because there were no problems with the left main landing gear. Dkt. 15 ¶ 9.

Under the alleged contract between the parties, Plaintiff argues "Textron was obligated to maintain, repair, and inspect the Aircraft in compliance with industry standards, manufacturer specifications and in conformity with all requirements promulgated by the FAA pursuant to the Federal Aviation Regulations (the "FARs"), including maintaining the airworthiness of the Aircraft." *Id.* ¶ 10. Following the inspection, maintenance, and repairs on the Aircraft, Textron charged Plaintiff $109,521.93. *Id.* ¶ 11. On or about January 3, 2023, Textron certified that work performed on the Aircraft was done in accordance with FAA regulations and that the Aircraft was airworthy. *Id.* ¶ 12; Dkt. 15-1. From November 2022 until January 9, 2023, Plaintiff alleges "the Aircraft had been in the sole possession, care, custody, and control of Textron" and "during that time Textron failed to abide by the FARs." Dkt. 15 ¶ 15.

On January 9, 2023, Plaintiff went to Tampa to retrieve the Aircraft and flew it back to Tuscaloosa, Alabama. *Id.* ¶ 14. During the landing, the left main landing gear collapsed, causing extensive damage to the Aircraft. *Id.* ¶ 16. Plaintiff contends that a post-crash "inspection revealed that the left main landing gear rigging had been altered by Defendant such that it was unable to reach the position necessary to

2

mechanically lock into place, ultimately causing the Aircraft's landing gear collapse." *Id.* ¶ 17.

On June 25, 2024, Plaintiff brought suit against Defendant. Dkt. 1. In response, Defendant moved to dismiss Count II–VI. Dkt. 14. When Plaintiff subsequently filed the instant Amended Complaint, Dkt. 15, the Court denied Defendant's original motion to dismiss as moot. Dkt. 13. Plaintiff's Amended Complaint asserts six counts: Breach of Contract (Count I); Unjust Enrichment (Count II); Negligence (Count III); Gross Negligence (Count IV); Negligence Per Se (Count V), and Bailment (Count VI). Dkt. 15. Defendant now moves to dismiss Counts II–VI only and strike the claim for attorney's fees.[1] Dkt. 18.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and

---

[1] Plaintiff does not oppose Defendant's motion to strike allegations regarding attorney's fees and has agreed to delete paragraph 22 from the Amended Complaint. *See* Dkt. 15 at 21. In any event, Plaintiff has failed to plead a statutory or contractual basis for such fees. *See Reed v. Walt Disney Parks*, No. 6:20-cv-1346-Orl-40DCI, 2020 WL 10457843, at *1 (M.D. Fla. Nov. 9, 2020). Accordingly, Plaintiff does not allege entitlement to attorney's fees, and it is appropriate for the Court to strike the demand for attorney's fees under Federal Rule of Civil Procedure 12(f).

3

viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## DISCUSSION

Defendant raises the following arguments in the motion to dismiss: (1) Count II—unjust enrichment—fails to state a cognizable claim because Plaintiff admits that a valid contract exists between the parties; (2) the "tort-based claims in Counts III-VI" are barred by the independent tort doctrine; (3) Count IV—gross negligence—should be dismissed for failure to state a claim; (4) and Count V should be dismissed because Plaintiff fails to state a claim for negligence *per se* under 14 C.F.R. § 43.13(b). The Court will address each argument in turn.

### A. Dismissal of Count II- Unjust Enrichment

Defendant argues Plaintiff's unjust enrichment claim must be dismissed because "Plaintiff pleads throughout its Amended Complaint that the Agreement existed between and governed the relationship of the parties." Dkt. 18 at 10. The Court disagrees. At this stage in the proceeding, Plaintiff is permitted to allege unjust enrichment in the alternative to a breach of contract claim.

It has long been established that "an unjust enrichment claim cannot be maintained when there is an express contract with a legal remedy." *Collaboration Betters the World, Inc. v. Hertz Corp.*, No. 2:23-CV-131-JES-KCD, 2023 WL 3931822, at *2 (M.D. Fla. June 9, 2023) (quoting *Rosado v. Barry Univ. Inc.*, 499 F. Supp. 3d 1152, 1159–60 (S.D. Fla. 2020)). However, a plaintiff may also assert a claim for unjust enrichment in the alternative to a breach of contract claim when the existence of the contract is in dispute. *Gibson v. Lynn Univ., Inc.*, 504 F. Supp. 3d 1335, 1337 (S.D. Fla. 2020); *see also Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 513 F. Supp. 3d 1350, 1359 (M.D. Fla. 2021) ("Where parties dispute the existence of an underlying contract, dismissal of Plaintiff's unjust enrichment claim is premature. [ ] Even more important, courts consistently allow plaintiffs to allege alternative claims.") (internal citation omitted)

Here, Plaintiff amended the original complaint to specify it was bringing Count II in the "alternative to Count I." Dkt. 15 ¶ 29. Federal Rules of Civil

Procedure 8(a) and 8(d)(2) specifically authorize a plaintiff to plead unjust enrichment in the alternative, and Plaintiff has properly done so by not incorporating all factual allegations in Count I (breach of contract) with Count II (unjust enrichment). Dkt. 15 ¶ 28; *see. e.g.*, *Salerno v. Fla. S. Coll.*, 488 F. Supp. 3d 1211, 1218 (M.D. Fla. 2020) ("Even more important, this Court has consistently held that a plaintiff may allege alternative claims in her complaint.") (citing *Rea v. It Works! Glob., Inc.*, No. 8:19-CV-599-T-30JSS, 2019 WL 5722479, at *2 (M.D. Fla. June 21, 2019)).

Further, Defendant's motion to dismiss is not explicitly clear as to whether it is disputing the existence of an express contract between the parties. Defendant's motion simply states, "[Defendant] does not contend that the contract governing the dispute is invalid." Dkt. 18 at 10. Not disputing the validity of a contract alleged in the Amended Complaint is much different from "a showing that an express contract exists" between the parties that gives rise to Plaintiff's breach of contract claim in Count I.[2] *Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) (citing *Williams v. Bear Stearns & Co.*, 725 So. 2d 397 (Fla. 5th DCA 1998)).

---

[2] While one could reasonably infer that Defendant is not challenging the existence of the contract (Dkt. 15-1) because Defendant does request dismissal of Count I (breach of contract), the Court declines to do so. The Court must view the Amended Complaint in the light most favorable to the plaintiff, not the defendant. *See McConnell*, 516 F.3d at 1284.

6

Moreover, Defendant incorrectly states the unjust enrichment claim "should be dismissed because it is precluded by *Plaintiff Admitting the Existence of a Valid Contract*." Dkt. 18 at 8 (emphasis added). It is not upon a plaintiff's "allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails." *Martorella*, 931 F. Supp. 2d at 1228. Put another way, until *Defendant admits* there is an express contract between the parties, a motion to dismiss a claim for unjust enrichment on these grounds is premature. Accordingly, without commenting on the merits of Plaintiff's unjust enrichment claim, the Court declines to dismiss the alternatively pleaded unjust enrichment claim, but it may be revisited on summary judgment.

**B.     Dismissal of Counts III–VI under Florida's Independent Tort Doctrine**

Next, Defendant contends Florida's independent tort doctrine bars Plaintiff's "tort-based claims" under Counts III-VI. Dkt. 18 at 10. Defendant argues that these counts should be dismissed because "the duties and breaches that Plaintiff alleges for its tort-based counts are the same alleged duties and breaches under [Count I] breach of contract." *Id.* at 15. For the reasons discussed below, the Court disagrees.

"It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3rd DCA 2020); *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies,*

7

*Inc.*, 110 So. 3d 399, 402 (Fla. 2013). However, "where a breach of contract is combined with some other conduct amounting to an independent tort, the breach can be considered negligence." *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947 (11th Cir. 2014) (citing *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So. 3d 477, 480 (Fla. 2d DCA 2013)). "This is because the independent tort doctrine only serves to bar [] tort claims where the offending party has committed no breach of duty independent of a breach of its contractual obligations." *Roop v. Prime Rate Premium Fin. Corp., Inc.*, 710 F. Supp. 3d 1165, 1176 (M.D. Fla. 2024) (Jung, *J.*) (internal quotations and citations omitted).

To determine whether a tort claim is independent from a contract claim, courts look to the source of the duty allegedly breached:

> the distinction between a breach of contract and a tort is the source of the duty breached by the defendant. If a contract imposes a duty and the defendant breaches that duty, the plaintiff must sue for breach of contract. If society imposes the duty, the plaintiff must sue in tort. In other words, if the allegedly breached duty is contractual, the economic-loss rule prevents suing in tort.

*Travelers Indem. Co. of Connecticut v. Richard McKenzie & Sons, Inc.*, 326 F. Supp. 3d 1332, 1345-46 n.10 (M.D. Fla. 2018), *aff'd*, 10 F.4th 1255 (11th Cir. 2021).[3]

---

[3] The "economic-loss rule" and the "independent tort doctrine" are the same rule, but courts use the labels interchangeably. *See Travelers Indem. Co.*, 326 F. Supp. 3d at 1345–46 n.10 (citing cases and noting "[t]he post–*Tiara* decisions continue to apply the economic-loss rule to bar a tort claim dependent on a contractual duty—but instead of saying 'economic-loss rule,' some decisions now say that the plaintiff fails to identify a tort 'independent of' the breach of contract").

### a. Counts III and IV- Negligence and Gross Negligence

At first glance, the source of the contractual duty allegedly breached by Defendant seems to be the same duty breached in Plaintiff's torts claims in Counts III and IV. However, viewing the Amended Complaint in the light most favorable to Plaintiff, the Court declines to apply the independent tort doctrine to Plaintiff's negligence and gross negligence claims.

In Count III, Plaintiff alleges that "Defendant *further breach* its duty of care by *negligently altering* the Aircraft's left main landing gear." Dkt. 15 ¶ 37 (emphasis added).[4] With this additional sentence, Plaintiff seems to be pointing to a breach of common law or statutory duty beyond the one imposed by contract. Indeed, "society imposes a tort duty on a [mechanic] to perform non-negligently the duties for which they have contracted with a client." *Travelers Indem. Co.*, 326 F. Supp. 3d at 1346. The negligent alteration of the left landing gear would be a breach of a *societal duty* to perform one's duty non-negligently. This societal duty is distinct from the explicit list of *contractual duties* that Defendant agreed to complete in the written contract. *See* Dkt. 15-1 at 2–3, 20–22 (showing a photocopy of the alleged contract listing all the scheduled inspections and repairs, and a copy of the "Post-Maintenance Checklist" recording all the work Defendant contractually completed). Because the Amended Complaint seems to allege a breach of duty independent of a breach of

---

[4] Count IV alleges the same but omits the "negligently." *See* Dkt. 15 ¶ 43.

Defendant's contractual obligations, the Court denies Defendant's motion to dismiss Counts III and IV at this stage in the proceeding.[5]

### b. Count V- Negligence Per Se

Defendant's motion to dismiss argues that the independent tort doctrine bars Counts III-VI, which includes Plaintiff's negligence *per se* claim in Count V. However, Defendant's motion to dismiss provides little discussion on how Florida's independent tort doctrine bars Plaintiff's negligence *per se* claim based on a federal statute—14 C.F.R. 43.13(b).[6] Further, negligence *per se* is not based on a breach of contractual duty, but the breach of a statutory duty. *See deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973) ("[N]egligence per se is a *violation of any other statute which establishes a duty* to take precautions to protect a particular class of persons from a particular injury or type of injury." (emphasis added)). In other words, a negligence *per se* claim is an "independent" or "societal" duty that is separate from the obligations imposed by a contract because the duty is imposed by

---

[5] Defendant may re-raise the independent tort doctrine again during the summary judgment phase if discovery reveals the tort and contractual duties are the same duty under the contract.

[6] This Court declines to research a legal argument on Defendant's behalf to determine whether the independent tort doctrine applies to a negligence *per se* claim based on a federal statute. *See ELI Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4983710, at *2 (M.D. Fla. Oct. 6, 2014) (explaining it is not the court's job "to conduct research to provide the proper support for [conclusory] arguments"). Defendant's lone cite to *Burdick v. Bank of Am., N.A.* is unhelpful as it is not binding precedent in this jurisdiction, involves a different federal statute, and provides no guidance beyond briefly stating in a footnote, "[w]hether a defendant's negligence-law duty stems from a general duty of care or a [federal] consumer protection statute such as RESPA simply does not factor into the analysis." 99 F. Supp. 3d 1372, 1378 n.1 (S.D. Fla. 2015).

statute. *See Travelers Indem. Co.*, 326 F. Supp. 3d at 1345. Defendant's motion to dismiss Count V under the independent tort doctrine is denied at this time.

    c. Count VI-Bailment

Finally, the Court declines to dismiss Count VI under the independent tort doctrine. Bailment is another breach of contract claim. *Gomez Packaging Corp. v. Smith Terminal Warehouse Co.*, No. 11-21992-CIV, 2011 WL 13223733, at *3 (S.D. Fla. Sept. 12, 2011) ("A bailment is a form of contract. A bailment is a delivery of personal property by one person . . . to another . . . who holds the property for a certain purpose under an express or implied-in-fact contract." (internal citations and quotations omitted)); *see also Boucher v. Dell Marine, LLC*, No. 3:08-CV-704-J-34MCR, 2009 WL 10670780, at *5 (M.D. Fla. Mar. 18, 2009) ("With respect to any subsequent contract concerning the repairs . . . Plaintiff alleges a breach of a contract for bailment against Defendant.").

Further, "absent agreement to the contrary, where a bailment is for mutual benefit, the bailee is held to the same standard of ordinary care governing a negligence claim" *Boucher*, 2009 WL 10670780, at *5 (citing *Monroe Sys. for Bus., Inc. v. Intertrans Corp.*, 650 So. 2d 72, 77 (Fla. 3d DCA 1994). "Thus, if such a bailment is established, the *common law negligence claim might be due to be dismissed*, either pursuant to the economic loss rule or as the redundant functional equivalent of the bailment claim." *Id.* (emphasis added). In other words, asserting a

11

bailment claim and a negligence claim could lead to a court dismissing the negligence claim as being barred under the independent tort doctrine/economic loss rule.

Here, Defendant is not asking this Court to dismiss Plaintiff's negligence claim in Count III because Plaintiff has already asserted a bailment claim in Count IV. Instead, Defendant asks this Court to dismiss Plaintiff's bailment claim in Count IV because the independent tort doctrine bars the claim as involving the same duty as the breach of contract claim in Count I. *See* Dkt. 18 at 15. The Court declines to do so. Even if there are some inconsistencies between alleging a breach of contract for bailment in Count VI and breach of contract in Count I, the Court need not concern itself at this stage with any possible inconsistencies among the theories. *Brookhaven Landscape & Grading Co., Inc. v. J.F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982) ("Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency."). Count VI of the Amended Complaint alleges "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

Accordingly, the Court denies dismissal of Counts III–VI of the Amended Complaint under Florida's independent tort doctrine.

### C.  Failure to State a Claim in Count IV- Gross Negligence

Defendant's motion also argues that Plaintiff failed to allege sufficient facts to establish a claim for gross negligence. The Court agrees and dismisses Count IV without prejudice.

To properly state a claim for gross negligence, the plaintiff must allege "(1) circumstances that constitute an imminent or clear and present danger amounting to more than normal and usual peril; (2) chargeable knowledge or awareness of the imminent danger spoken of; and (3) an act or omission that evinces a conscious disregard of consequences." *Smith v. Ceres Marine Terminals, Inc.*, No. 6:20-CV-1666-WWB-GJK, 2021 WL 3111614, at *2 (M.D. Fla. Mar. 31, 2021) (citation omitted). Conclusory allegations and a recitation of the elements in the complaint will not suffice. *Iqbal*, 556 U.S. at 678. Rather, "a plaintiff must plead specific acts committed by a defendant." *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018) (quoting *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001)).

Here, Count IV primarily relies on the same factual allegations set forth in the ordinary negligence claim in Count III. *See* Dkt. 15 ¶¶ 34, 43 (stating the Amended Complaint "incorporates its allegations contained in paragraphs 1 through 22 as if fully set forth herein" for both Counts III and IV). By incorporating and realleging the same general allegations that are relied upon in the ordinary negligence claim in

Count III, the Amended Complaint is devoid of factual allegations showing an "imminent or clear and present danger" and an "act or omission that evinces a conscious disregard of consequences" in Count IV. *Smith,* 2021 WL 3111614, at *2.

Moreover, the Amended Complaint simply paraphrases the elements of gross negligence by asserting them all in one sentence. *See* Dkt. 15 ¶ 44 ("Defendant's actions and/or omissions in failing to maintain, service, repair and preserve the Aircraft, which resulted in the left main landing gear to collapse upon landing, reveal its reckless disregard for the safety of McAbee and the safety of the general public, and its acts and/or omissions are equivalent to an intentional act or a conscious indifference to the consequences of an act."). This allegation amounts to an improper legal conclusion based on "a formulaic recitation of the elements." *See Twombly*, 550 U.S., at 555. Accordingly, Plaintiff has failed to allege a claim for gross negligence. Count IV is dismissed without prejudice.

### D.    Failure to State a Claim in Count V- Negligence Per Se

Finally, Defendant asserts Plaintiff failed to sufficiently state a claim for negligence *per se* because, as a matter of law, Plaintiff cannot establish it falls under the class of persons protected by 14 C.F.R. § 43.13(b). Dkt. 18 at 17. The Court disagrees and finds Plaintiff may assert a claim for negligence *per se* at this stage in the proceeding.

In Florida, negligence *per se* is the violation of a statute that "establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *deJesus*, 281 So.2d at 201. A plaintiff must establish that (1) he is of the class the statute was intended to protect, (2) he suffered the type of injury the statute was designed to prevent, and (3) the violation of the statute was the proximate cause of the injury. *Id.*

Here, Plaintiff asserts it is within the protected class of 14 C.F.R. § 43.13(b) because the rules are designed to protect "the general public and aviation community" from the dangers of aircraft that are not airworthy. Dkt. 15 ¶ 49. Plaintiff further alleges the crash of the Aircraft is the exact type of harm 14 C.F.R. § 43.13(b) is designed to prevent, and the violation of the maintenance regulations proximately caused Plaintiff's injuries. *Id.* ¶¶ 50-51.

Defendant urges this Court to dismiss Count V because Plaintiff does not fall under the protected class of 14 C.F.R. § 43.13(b). However, the Court finds Plaintiff's cause of action survives dismissal. While not binding on this Court, there are other district court cases involving a negligence *per se* claim under 14 C.F.R. § 43.13 that have at least reached the summary judgment phase. *See Scott v. MD Helicopters, Inc.*, 834 F. Supp. 2d 1334, 1339 (M.D. Fla. 2011) (rejecting a motion for summary judgment on a negligence *per se* claim under the FAA's code of regulations in title 14 as a question for the jury); *Allianz Sigorta, S.A. v. Ameritech*

*Indus., Inc.*, No. 2:15-CV-01665-MCE-AC, 2018 WL 4281482, at *5 (E.D. Cal. Sept. 7, 2018) (same); *Insured Aircraft Title Serv., LLC v. Comfort Jet Aviation, Ltd.*, No. CIV-20-742-G, 2023 WL 4056559, at *3 (W.D. Okla. June 16, 2023) (granting summary judgment because the plaintiff is not a member of the class of persons 14 C.F.R. § 43.13 was enacted to protect). While Plaintiff has sufficiently stated a negligence *per se* claim in Count V, Defendant is free to re-raise this issue again at a later stage.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's Motion to Dismiss, Dkt. 18, is **GRANTED in part** and **DENIED in part**;

(2) Defendant's motion to strike Plaintiff's request for attorneys' fee is **GRANTED;** and

(3) Count IV of the Amended Complaint, Dkt. 15, is **DISMISSED** without prejudice. If Plaintiff so chooses, any amended complaint must be filed within 14 days.

**DONE AND ORDERED** at Tampa, Florida, on October 17, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record